IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>**PLAINTIFF**<br><br>v.<br><br>**J&J PLUMBING SERVICES, LLC**<br>**1411 JACKSON ROAD**<br>**MT. JULIET, TN 37122-2187**<br><br>and<br><br>**J&B PLUMBING**<br>**3412 WOODBURY PIKE**<br>**MURFREESBORO, TN 37127-4167**<br><br>**DEFENDANTS** | **CIVIL ACTION NO.:**<br><br>**JURY DEMAND**<br><u>**ENDORSED HEREON**</u> |

## **COMPLAINT**

Plaintiff, Westfield Insurance Company, by and through its undersigned counsel, hereby demands judgment against the Defendants, J&J Plumbing Services, LLC and J&B Plumbing, and complains against them as follows:

## **PARTIES**

1. Westfield Insurance Company ("Plaintiff" or "Westfield") is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

2. At all times relevant hereto, Westfield was duly authorized to engage in the business of insurance in the State of Tennessee.

1

3. At all times relevant hereto, Westfield provided liability insurance to Elliott Development, LLC ("Elliott") in connection with its business practices, building homes, under a policy of insurance that was in full force and effect on all relevant dates and at all relevant times.

4. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Westfield became subrogated to certain recovery rights and interests of Elliott for monies paid thereunder, including the claims giving rise to this complaint.

5. Defendant, J&J Plumbing Services, Inc. (collectively "Defendants" or "J&J"), is, upon information and belief, a corporation organized and existing under the laws of the state of Tennessee, with its principal place of business located at 1411 Jackson Road, Mt. Juliet, TN 37122-2187.

6. At all times relevant hereto, J&J was engaged in the business of, *inter alia*, performing plumbing services. Eliott retained J&J to perform plumbing services at the property located at 4804A Illinois Avenue, Nashville TN in Davidson County, Tennessee, out of which this cause of action arises (the "subject property").

7. Defendant, J&B Plumbing (collectively "Defendants" or "J&B"), is, upon information and belief, a corporation organized and existing under the laws of the state of Tennessee, with its principal place of business located at 3412 Woodbury Pike, Murfreesboro, TN 37127-4167.

8. At all times relevant hereto, J&B was engaged in the business of, *inter alia*, performing plumbing services. J&J retained J&B as a subcontractor to perform plumbing services at the subject property.

9. Kevin Brolan ("Brolan") purchased the subject property from Elliot and moved into the subject property in December 2021.

10. At all times relevant hereto, Travelers Personal Insurance Company ("Travelers") provided property insurance, inter alia, to Brolan in connection with the subject property, under a policy of insurance that was in full force and effect on all relevant dates and at all relevant times.

## JURISDICTION

11. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court exclusive of interest and costs in excess of $75,000.00.

12. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

13. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

14. Prior to December 2021, Elliott built the subject property.

15. Elliott then sold the subject property to Brolan in December 2021.

16. Brolan took possession of and moved into the subject property in December 2021.

17. Prior to December 2021, Elliott retained J&J to perform plumbing work at the subject property. Subsequent to that, J&J retained J&B as a subcontractor to perform plumbing work at the subject property.

18. On or about February 24, 2022, water damage occurred at the subject property.

19. An investigation into the cause of the water damage revealed Defendants failed to properly connect a faucet line to the valve assembly in the master bathroom at the subject property.

20. At some point after February 24, 2022, Brolan submitted a claim for the damage to the subject property to its own insurer, Travelers.

21. Travelers subsequently paid out $159,730.39 to Brolan for the damage to the subject property pursuant to the Brolan's policy.

22. Travelers was then subrogated to Brolan's right of recovery.

23. On or about June 16, 2023, Travelers made a subrogation demand of $158,730.39 to Westfield to recover for Travelers' payment to Brolan.

24. On or about August 3, 2023, Westfield paid $148,000.00 to Travelers in response to Travelers' subrogation demand arising from the damages incurred by Brolan at the subject property, and settled the matter. See copy of Release for Property Damage Only attached hereto as Exhibit "A".

25. The aforementioned damages sustained by Westfield are the direct and proximate result of the negligence and other liability producing conduct of Defendants, as further and more fully described below.

## COUNT I – NEGLIGENCE v J&J

26. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

27. J&J owed Elliott a duty of care to, *inter alia*, properly connect a faucet line to the valve assembly in the master bathroom at the subject property.

28. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability producing conduct of J&J including negligent acts and/or omissions of J&J as performed by and through its agents, servants, workmen, employees,

4

servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

 (a) failing to exercise reasonable care in the performance of duties in the connection of a faucet line to the valve assembly in the master bathroom at the subject property, including, but not limited to, carelessly and negligently performing the following:

  (1) failing to competently connect a faucet line to the valve assembly in the master bathroom at the subject property in a safe and appropriate manner;

  (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the connecting of a faucet line to the valve assembly in the master bathroom at the subject property in a safe and appropriate manner; and/or

  (3) failing to properly monitor the work of all agents and/or employees during the connecting of a faucet line to the valve assembly in the master bathroom at the subject property in a safe and appropriate manner.

 (b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

 (c) failing to adequately warn Brolan and/or Elliott and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

 (d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

 (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

 (f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

 (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

29. As a direct and proximate result of the aforementioned negligence, Brolan sustained property damage and incurred additional expenses in the amount of $148,000.00.

30. As a direct and proximate result of J&J's negligence, Westfield was compelled under the circumstances to incur the aforementioned damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – EQUITABLE INDEMNITY v. J&J

31. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

32. Due to the negligence of J&J, Brolan suffered harm to his property which caused him to file a liability claim against Elliott. As a result, Westfield was compelled under the circumstances to pay the aforementioned damages and now looks to recoup such monies from the primarily responsible party, J&J.

33. As required by all theories of equitable indemnity, J&J is compelled to indemnify Westfield for the monies that should instead have been paid entirely by J&J.

34. Westfield has met all conditions precedent to recovery under such indemnity claim as Westfield, without active fault on Elliott's part, has been compelled by reason of its legal obligations to pay for unreimbursed damages and loss caused by the negligence of J&J.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – CONTRIBUTION v. J&J

35. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

36. Westfield was compelled under the circumstances to incur the aforementioned damages and now looks to recoup such monies from the primarily responsible party, J&J.

37. Based on all of the above, J&J alternatively owes "contribution" under TN ST § 29-11-102 to Westfield for the monies paid that should instead have been paid entirely by J&J.

38. Westfield has met all conditions precedent to recovery under such an alternative claim for contribution to the extent that it has paid more than its proper share of the damages in this matter and has obtained a release from Travelers that extinguished J&J's liability to Travelers.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IV – UNJUST ENRICHMENT v. J&J

39. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

40. Westfield was compelled under the circumstances to incur the aforementioned damages and now looks to recoup such monies from the primarily responsible party, J&J.

41. Because Westfield was compelled under the circumstances to incur the aforementioned damages, J&J was unjustly enriched as a result of Westfield's payment Travelers.

42. By making such payments as a result of J&J's negligence, Westfield conferred unjust benefits on J&J.

7

Case 3:24-cv-00899    Document 1    Filed 07/24/24    Page 7 of 12 PageID #: 7

43. J&J knew of these legal and factual circumstances and appreciated that such benefits were being retained by it.

44. J&J accepted and retained such benefits under such circumstances where it would be inequitable to do so without payment of value.

45. This enrichment of J&J was unjust.

46. Westfield has met all conditions precedent to recovery under such an unjust enrichment claim.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT V – NEGLIGENCE v J&B

47. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

48. J&B owed Elliott a duty of care to, *inter alia*, properly connect a faucet line to the valve assembly in the master bathroom at the subject property.

49. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability producing conduct of J&B including negligent acts and/or omissions of J&B as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

    (a) failing to exercise reasonable care in the performance of duties in the connection of a faucet line to the valve assembly in the master bathroom at the subject property, including, but not limited to, carelessly and negligently performing the following:

(1) failing to competently connect a faucet line to the valve assembly in the master bathroom at the subject property in a safe and appropriate manner;

(2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the connecting of a faucet line to the valve assembly in the master bathroom at the subject property in a safe and appropriate manner; and/or

(3) failing to properly monitor the work of all agents and/or employees during the connecting of a faucet line to the valve assembly in the master bathroom at the subject property in a safe and appropriate manner.

(b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn Brolan and/or Elliott and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

50. As a direct and proximate result of the aforementioned negligence, Brolan sustained property damage and incurred additional expenses in the amount of $148,000.00.

51. As a direct and proximate result of J&B's negligence, Westfield was compelled under the circumstances to incur the aforementioned damages.

9

Case 3:24-cv-00899   Document 1   Filed 07/24/24   Page 9 of 12 PageID #: 9

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT VI – EQUITABLE INDEMNITY v. J&B

52. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

53. Due to the negligence of J&B, Brolan suffered harm to his property which caused him to file a liability claim against Elliott. As a result, Westfield was compelled under the circumstances to pay the aforementioned damages and now looks to recoup such monies from the primarily responsible party, J&B.

54. As required by all theories of equitable indemnity, J&B is compelled to indemnify Westfield for the monies that should instead have been paid entirely by J&B.

55. Westfield has met all conditions precedent to recovery under such indemnity claim as Westfield, without active fault on Elliott's part, has been compelled by reason of its legal obligations to pay for unreimbursed damages and loss caused by the negligence of J&B.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT VII – CONTRIBUTION v. J&B

56. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

57. Westfield was compelled under the circumstances to incur the aforementioned damages and now looks to recoup such monies from the primarily responsible party, J&B.

58. Based on all of the above, J&B alternatively owes "contribution" under TN ST § 29-11-102 to Westfield for the monies paid that should instead have been paid entirely by J&J.

59. Westfield has met all conditions precedent to recovery under such an alternative claim for contribution to the extent that it has paid more than its proper share of the damages in this matter and has obtained a release from Travelers that extinguished J&B's liability to Travelers.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus pre-judgment and post-judgment interest, costs incident to this suit, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VIII – UNJUST ENRICHMENT v. J&B

60. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

61. Westfield was compelled under the circumstances to incur the aforementioned damages and now looks to recoup such monies from the primarily responsible party, J&B.

62. Because Westfield was compelled under the circumstances to incur the aforementioned damages, J&B was unjustly enriched as a result of Westfield's payment to Travelers.

63. By making such payments as a result of J&B's negligence, Westfield conferred unjust benefits on J&B.

64. J&B knew of these legal and factual circumstances and appreciated that such benefits were being retained by it.

65. J&B accepted and retained such benefits under such circumstances where it would be inequitable to do so without payment of value.

66. This enrichment of J&B was unjust.

67. Westfield has met all conditions precedent to recovery under such an unjust enrichment claim.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants in the amount of $148,000.00, plus prejudgment and post-judgment interest costs incident to this suit, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted, this 24th day of JULY, 2024.

BUTLER, VINES AND BABB, PLLC

By: s:\Edward U. Babb
EDWARD U. BABB, BPR #013707
Attorneys for Plaintiff
2701 Kingston Pike
Knoxville, TN 37919
(865) 637-3531-Ofc
(865) 244-3932-Direct
(865) 637-3385-Fax
Email: ebabb@bvblaw.com

## COST BOND

We, the undersigned, acknowledge ourselves as Surety for costs of the clerk adjuged in this matter.

BUTLER, VINES AND BABB, PLLC

By: s:\Edward U. Babb
Edward U. Babb, Esq.